**COMPANIA ITHACA DE VAPORES, S. A.,**

v.

**The UNITED STATES.**

No. 49813.

United States Court of Claims.

Oct. 5, 1954.

Daniel L. Stonebridge, New York City, for plaintiff. William A. Wilson and Dow & Symmers, New York City, were on the briefs.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Hubert H. Margolies, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on defendant's motion for summary judgment.

Plaintiff chartered its ship, the S. S. Moldova, to the defendant on the 3rd of April 1942, under a time charter. It is alleged that when the defendant redelivered the ship to plaintiff it was not "in like good order and condition" as it had been when plaintiff delivered it to the defendant, and that the cost of putting it in such condition was $60,400.91. For this sum it sues.

Subsequently, plaintiff filed an amended petition, by which it added a paragraph, reading as follows:

"Plaintiff made due and timely demand of the United States Maritime Commission for payment of the claim as above set forth. The United States Maritime Commission through its duly authorized agents gave administrative approval to compromise of the claim as presented. Thereafter, and after expiration of the period of time within which plaintiff might have commenced suit against the United States, the United States Maritime Commission withdrew its administrative approval for compromise of the claim, and thereafter failed and refused to make payment of all or any part of the said claim, and continues to so fail and refuse."

The claim asserted in the original petition is without the jurisdiction of this court, under our decision in Polar Compania De Navegacion, Ltda., as owner of the Steamship Penelopi, v. United States, Ct.Cl., 124 F.Supp. 625.

In the quoted paragraph of the amended petition plaintiff evidently intends to ground its action on an account stated, or, more properly, a compromise agreement. In its brief it says:

"The present action is brought, not upon the damage cause of action under the charter party referred to, but upon the settlement agreement reached between plaintiff's attorneys and defendant acting through the War Shipping Administration and the Maritime Commission."

It says that this court has jurisdiction grounded upon such an agreement.

To its final memorandum in the case it sets forth the affidavit of Anthony N. Zock, who was an associate of the firm of Dow & Symmers, plaintiff's attorneys. Mr. Zock states that he entered into an agreement with Mr. Arthur Ferris, an attorney in the legal division of the War Shipping Administration, to settle plaintiff's claim for "50 percent of the cost of repairing the damage." He says the matter was then referred to a Captain Scott, of the War Shipping Administration, to compute the cost of repairs, and thereafter Commander Reynolds, an assistant of Captain Scott, "prepared a memorandum accepting the agreement for the signature of Mr. Gerard Helmbold * * * to be submitted to the Commission for a formal meeting for their approval." He further says that Mr. Helmbold signed the agreement in late 1946 or early 1947, and that the matter came before the Maritime Commission in September 1947, and upon information and belief, he says, "the Commission approved unanimously the settlement agreement * * *." Then the Maritime Commission, he says, referred the matter to its General Counsel "for finalization." The General Counsel's office recommended the disapproval of the agreement, and shortly thereafter the Maritime Commission rescinded it. This, he says, was immediately after the expiration of the statute of limitations on an action on the charter party under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

There are defects in plaintiff's pleading, but if it is able to establish a binding agreement for the settlement of its claim, finally approved by the Commission, this court would have jurisdic-tion of an action brought on that agreement. Since there is a dispute about the facts connected with the alleged agreement, it is obvious that defendant's motion for summary judgment must be overruled.

Plaintiff is given leave to amend the above-quoted paragraph of its petition. The cause will proceed upon the cause of action stated. Defendant is allowed 10 days to answer plaintiff's call on the Maritime Commission.

It is so ordered.